128  641
141  591

ABEL A. CROSBY et al., Respondents, *v.* THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Appellant.

Upon the trial of an action for the conversion of a quantity of lumber, which plaintiffs claimed had been sold by defendant to G. & E. H., their assignors, defendant claimed that it was the intention and agreement of the parties that it should retain the title to the lumber until it had been used in the construction of two boats which G. & E. H. had contracted to build for it. The plaintiffs offered in evidence an order addressed to defendant's agent for the lumber; also a bill therefor sent by defendant, in which G. & E. H. were specified as debtors to defendant for the lumber, the items of which were stated, with the prices. Defendant then offered to show by its agent, who sent the bill, that it was sent merely as a memorandum of the value of the lumber, and to notify G. & E. H. for what amount they would be required to account on the settlement of the boat contract. This offer was overruled and the evidence excluded. *Held*, error.

(Argued June 22, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made February 4, 1891, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

This action was brought to recover the value of certain lumber of which plaintiffs claimed to be the absolute owners.

The following is the opinion in full:

"The judgment of nonsuit rendered on the first trial of this action was reversed by this court on the ground that there was some evidence given on the trial tending to show that there was an absolute sale of the lumber to the Harndens. (119 N. Y. 334.)

"On the second trial the plaintiffs recovered a verdict and the judgment thereon was affirmed by the General Term, and this appeal is from the judgment of affirmance.

"The issue presented to the jury was whether the transaction between the defendant and the Harndens was a purchase

and sale of the lumber out and out, or only a conditional sale or bailment. The claim on the part of the defendant is that it was the intention of the parties that the title to the lumber should remain in the defendant until the lumber had been used by the Harndens in the construction of the boats. The clear preponderance of evidence is in favor of this contention, but we should not feel at liberty to disturb the verdict upon this issue, provided there were no valid exceptions to rulings on evidence taken by the defendant. The evidence scarcely leaves room to doubt that the defendant furnished and the Harndens received the lumber on the understanding that it was to be used only in the construction of the two boats which the Harndens had contracted to build for the defendant. It is also quite evident that the defendant was to get the value of the lumber by deducting it from the purchase-price of the boats.

"The vital question was, in whom was the title to the lumber after delivery and before it was used by the Harndens for the purpose for which it was furnished. The plaintiffs, in order to establish that there was an absolute sale of the lumber to the Harndens, introduced an order in writing signed by the Harndens, addressed to the agent of the defendant, dated November 21, 1882, commencing with the words, 'please send us,' followed by a specification of various kinds and qualities of lumber, and closing with the words: 'Please send by William Steven if possible and oblige Geo. & E. Harnden.' The lumber ordered was sent by the defendant, and after shipment the agent of the defendant sent by mail to the Harndens a bill, partly written and partly printed, the same being made out on one of the blank bill-heads used by the defendant. The bill, after the date, reads: 'Messrs. G. & E. Harndens: To the Delaware and Hudson Canal Co., Dr.' and then follows a list of the lumber and the prices of the various kinds. The plaintiffs introduced the order and bill as evidence that the transaction was a purchase and sale. It will be noticed that the order was consistent with either view of the transaction, that taken by the plaintiffs or that insisted upon by the defendant. The bill, while it might imply a purchase and sale of the lumber in the usual course, is also consistent with the transaction as claimed by the defendant, viz., a conditional sale

at the prices named, the object of the bill being merely to advise the Harndens of the amount and qualities of the lumber shipped and the prices which would be charged against the boats on the lumber being used therefor.

" The defendant's counsel offered to show by the agent who sent the bill that it was sent merely as a memorandum of the value of the lumber, and to notify the Harndens for what amount they would be required to account on the settlement of the boat contract.   The court overruled the offer and excluded the evidence.   We think the evidence was competent.

" The bill was admissible in behalf of the plaintiff as an admission.   It was not made contemporaneously with the contract, but after the order had been made and the lumber supplied.   The parol explanation of the purpose for which the bill was sent was not an attempt to alter or vary a written contract.   The bill sent after the contract was made had an equivocal significance at least with the parol explanation offered ; it would bear an interpretation consistent with the transaction as claimed by the defendant.   It was competent to show the purpose for which the bill was sent, to explain its real meaning and significance.   If in fact there was a present sale of the lumber made out by other and undisputed evidence, then the purpose of sending the bill would be immaterial. But the plaintiff having used the bill as an admission of a prior sale, the explanation should have been allowed for the consideration of the jury.   Even if the bill was made out concurrently with the contract and was part of the *res gestæ*, it is not a writing having such a complete and decisive character as would render the proposed evidence inadmissible.   (See *Hazard* v. *Loring*, 10 Cush. 267.)

" For the error excluding the evidence the judgment should be reversed and a new trial ordered."

*F. L. Westbrook* for appellant.

*S. L. Stebbins* for respondents.

ANDREWS, J., reads for reversal.
All concur.
Judgment reversed.